## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.:

| | |
|---|---|
| Rebecca Reding, on behalf of herself and all others similarly situated, | |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| Huntington Debt Holdings, LLC, and Integrated Recovery Services, Inc., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## INTRODUCTION

1.      Plaintiff, Rebecca Reding, individually, and on behalf of all others similarly situated, brings this class action complaint against Huntington Debt Holdings LLC and Integrated Recovery Services, Inc. for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA" or the "Act"), and an automatic stay violation, 11 U.S.C. § 362. Defendants' methods of collecting debt violate 15 U.S.C. §§ 1692d; 1692d(6); 1692e; 1692e(1); 1692e(2); 1692e(5); 1692e(10); 1692e(11); 1692e(14); 1692f; and 1692g of the Act, and 11 U.S.C. § 362.

## JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1332, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and an automatic stay violation, 11 U.S.C. § 362.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

## PARTIES

5.     Plaintiff Rebecca Reding (hereinafter "Plaintiff"), is a natural person obligated or allegedly obligated on a debt, who resides in the city of Red Wing, County of Goodhue, State of Minnesota.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.     Defendant, Huntington Debt Holdings, LLC (hereinafter "Defendant Huntington"), is a New York limited liability company with its headquarters located at 128 Church St, East Aurora, NY 14052.

8.     Defendant Huntington is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) because it uses instrumentalities of interstate commerce and the mails for the principal purpose of collecting debts.

9.     Defendant, Integrated Recovery Services, Inc., (hereinafter "Defendant IRS"), is a New York Corporation with a principal place of business in Erie County, New York.

10.     Defendant IRS is a "debt collector" as that term is defined by 15 U.S.C. §
        1692a(6) of the FDCPA because it uses instrumentalities of interstate
        commerce and the mails for the principal purpose of collecting debts.

## FACTUAL SUMMARY

### BACKGROUND

11.     Sometime prior to May 10, 2016, Plaintiff incurred a financial obligation in
        the form of a payday loan from SpotLoan, which was primarily for personal,
        family or household purposes, and is therefore a "debt" as that term is
        defined by 15 U.S.C. § 1692a(5).

12.     Sometime thereafter, Plaintiff fell behind in her payments on the debt, and
        the debt went into default.

13.     Subsequently, the debt was sold to non-party JTM Capital Management.

14.     On May 10, 2017, Plaintiff filed for Chapter 7 Bankruptcy in the District of
        Minnesota, Court File Number 17-31555.

15.     Plaintiff listed JTM Capital Management, at the address of 210 John Glenn
        Drive, Suite Three, Amherst, NY 14228, as an unsecured creditor in the
        Bankruptcy.

16.     On May 13, 2017, the Bankruptcy Noticing Center sent notice of filing by
        first class mail to JTM Capital Management at the scheduled address.

17.     Sometime thereafter, the debt was assigned, consigned, or otherwise
        transferred to Defendant Huntington in order to attempt to collect the
        outstanding balance.

**DEFENDANTS' COLLECTION EFFORTS AGAINST PLAINTIFF**

18.    In May 22, 2017, at 9:10 AM, Defendant IRS, acting as an agent of Defendant Huntington, called Plaintiff's personal cell phone in an attempt to collect the alleged outstanding balance.

19.    Defendant IRS left a voice message on Plaintiff's cell phone, which went as follows:

> "Hello this message is intended for Rebecca Reding. My name is Chelsea Lawrence, I'm calling with Advocate Services, an advocate for the Pierce District County Court. Calling today to notify you that an appearance date has been requested to be scheduled. As the advocate program, we do not hold the contents of your case, you must contact the filing party if you have any questions or concerns. The firm that is requesting your appearance can be reached at (844) 243-4929. They can answer any questions you have regarding the time, date and venue in which you are ordered to appear."

20.    On May 22, 2017, at 9:15 AM, Defendant IRS, acting as an agent of Defendant Huntington, left a message on Plaintiff's work cell phone nearly identical to the one described above.

21.    On May 22, 2017, at 9:21 AM, Defendant IRS, acting as an agent of Defendant Huntington, left a message on Plaintiff's work office phone very similar to the one described above, but with the following addition:

> "This is before a service summons is generated to your residency and place of employment. When being delivered to your place of employment, it does require a signature from both yourself and your direct supervisor. Failure to sign that piece of documentation will result in an act of a failed appearance. I do have to notify you by state and federal law. Thank you."

22.    On May 22, 2017, at 9:46 AM, Plaintiff called Defendant IRS back. She was

4

told by Defendant IRS that she was looking at facing the following charges: breach of a legally binding contract, intent to defraud, and issuing an insufficient check with or without malice in electronic format.

23. During this conversation, Plaintiff put Defendants on notice of her Bankruptcy proceedings by informing them that a petition had been filed for the discharge of her debts in Minnesota on May 10, 2017.

24. In its continued attempt to deceive and mislead Plaintiff, Defendant IRS told her that it was aware of the Bankruptcy and that because legal proceedings had been filed in April Plaintiff's debts would not be covered under her bankruptcy petition and that she could still be facing those charges.

25. Defendant IRS also told Plaintiff that a judgment against her was pending.

26. Upon information and belief, Defendants did not and do not currently have a judgment pending against Plaintiff.

27. In all of the messages left on Plaintiff's telephone, Defendant IRS failed to properly identify itself and thus did not meaningfully disclose its identity.

28. In the messages left on Plaintiff's telephone, Defendant IRS did not state that the communication was from a debt collector.

29. In the messages left on Plaintiff's telephone, Defendant IRS did not state that the communication was an attempt to collect a debt.

## THE AFTERMATH OF DEFENDANTS' COLLECTION EFFORTS AGAINST PLAINTIFF

30.    Defendants' collection campaign against Plaintiff was harassing. Instances of the Defendants' harassment include, but are not limited to: repeatedly calling without disclosing their identity, falsely claiming that a judgment was pending, claiming that the debt would not be included in bankruptcy, and threatening to serve Plaintiff at her place of employment despite Plaintiff having already filed for bankruptcy.

31.    Defendants' behavior listed above had the natural consequence of harassing Plaintiff, in violation of 15 U.S.C. § 1692d.

32.    In all three of the May 22, 2017 phone calls, Defendant IRS failed to meaningfully disclose its identity, in violation of 15 U.S.C. § 1692d(6).

33.    Defendants' collection campaign against Plaintiff included numerous false and deceptive misrepresentations, including, but not limited to: misrepresenting the legal status of the debt by claiming it would not be included in Plaintiff's Bankruptcy, deceptively claiming to be "Advocate Services with Pierce District County Court", failing to disclose that it was a debt collector attempting to collect a debt, deceptively claiming that there was a judgment pending against Plaintiff, and deceptively claiming that Plaintiff would be served a Summons at her place of employment which her supervisor would have to sign.

6

34. The acts listed above constitute representations that are false, deceptive, and misleading, in violation of 15 U.S.C. § 1692e.

35. Defendant IRS falsely claimed that it was "Advocate Services, an advocate for Pierce County District Court", and thus falsely claimed that it was affiliated with the state of Wisconsin.

36. By falsely claiming to be affiliated with the state of Wisconsin, Defendants violated 15 U.S.C. § 1692e(1).

37. Defendants falsely, deceptively claimed that there was a judgement pending on the debt, in violation of 15 U.S.C. § 1692e(2).

38. Defendants falsely, deceptively claimed that the debt would not be included in the bankruptcy, in violation of 15 U.S.C. § 1692e(2).

39. Defendants threatened pending judgement against Plaintiff, an action that was not intended to be taken and could not legally be taken due to Bankruptcy proceedings, constituting a violation of 15 U.S.C. § 1692e(5).

40. Defendants threatened to serve Plaintiff at her place of employment, an action that was not intended to be taken and could not legally be taken due to Bankruptcy proceedings, constituting a violation of 15 U.S.C. § 1692e(5).

41. Defendants' collection campaign against Plaintiff included numerous false, deceptive and misleading representations, including, but not limited to: misrepresenting the legal status of the debt by claiming it would not be included in Plaintiff's Bankruptcy, deceptively claiming to be "Advocate Services with Pierce District County Court", failing to disclose that it was a

debt collector attempting to collect a debt, deceptively claiming that there was a judgment pending against Plaintiff, and deceptively claiming that Plaintiff would be served a Summons at her place of employment.

42. Defendants' above-listed false representations and deceptive means to attempt to collect the debt violated 15 U.S.C. § 1692e(10).

43. Defendants failed to disclose that the three phone calls on May 22, 2017 were from a debt collector.

44. By failing to state that communications were from a debt collector Defendants violated 15 U.S.C. § 1692e(11).

45. Defendants failed to disclose that the three phone calls on May 22, 2017 were an attempt to collect a debt and information obtained would be used for that purpose.

46. By failing to state that communications were an attempt to collect a debt and information obtained would be used for that purpose, Defendants violated 15 U.S.C. § 1692e(11).

47. Defendants identified themselves as "Pierce District County Court" instead of the actual name of Integrated Recovery Service, in violation of 15 U.S.C. § 1692e(14).

48. Defendants used numerous unfair and unconscionable means in their attempt to collect the debt, including but not limited to: deceptively concealing their own identity, falsely claiming affiliation with the state of Wisconsin, falsely claiming that a judgment was pending when no judgment was in fact

8

pending, claiming that the debt would not be included in the Bankruptcy, claiming that Summons would be served to Plaintiff's place of employment, and claiming that Plaintiff's supervisor would be required to sign that Summons.

49. The actions listed above constitute unfair and unconscionable means to collect on a debt, in violation of 15 U.S.C. § 1692f.

50. Defendants failed to send Plaintiff a 30-day validation notice within five days of initial communication, constituting a violation of 15 U.S.C. § 1692g.

51. Defendants' actions of failing to provide Plaintiff with a 30-day validation notice within five days of the initial communication exemplify a systematic and deliberate practice of violating the FDCPA through their attempt to collect the debt.

52. Because of this practice, Plaintiff was deprived of her ability to pursue a legitimate dispute as to the amount owed.

53. By not receiving notice within five days, Plaintiff was not aware of her right to dispute the alleged debt, especially in regard to the claim concerning pending litigation, and therefore was unable to do so even though she has legitimate concerns with the underlying debt.

54. Section 362(a)(6) of the Bankruptcy Code provides that Plaintiff's bankruptcy filing operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

55. Defendants' actions in attempting to deceive Plaintiff and collect on the amount

were willful and in full knowledge and awareness of Plaintiff's bankruptcy filing and that the automatic stay was in effect.

56. Defendants' attempts to collect a claim against Plaintiff during the stay is an Automatic Stay Violation, pursuant to 11 U.S.C. § 362(a)(6).

57. On information and belief, Defendants keep electronically generated records of such debt collection calls and Plaintiff intends to obtain telephone calling records of the Defendants through discovery conducted in this case.

58. Plaintiff, upon information and belief, alleges that through the discovery process additional instances of violations of the FDCPA and/or other statutes will be revealed, and that Plaintiff reserves the right to amend this complaint upon receipt of discovery responses, including activities that might include and evince a wrongful, malicious, and/or reckless disregard for the rights of third persons.

59. The conduct of Defendants violates numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d; 1692d(6); 1692e; 1692e(1); 1692e(2); 1692e(5); 1692e(10); 1692e(11); 1692e(14); 1692f; and 1692g.

60. The conduct of Defendants constitutes an Automatic Stay Violation, pursuant to 11 U.S.C. § 362(a)(6).

61. Plaintiff has suffered actual damages as a result of Defendants' illegal collection communications in the form of sleeplessness; embarrassment when talking to or seeing friends or family; fear of answering the phone and door; nervousness; feelings of guilt, worthlessness, helplessness; restlessness,

irritability; and Defendants' collection campaign has had a negative impact on Plaintiff's job.

## CLASS ALLEGATIONS

62. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> *ALL CONSUMERS IN THE STATE OF MINNESOTA WHO RECEIVED PHONE CALLS FROM DEFENDANTS THAT WERE SIMILAR OR IDENTICAL TO THOSE RECEIVED BY PLAINTIFF, WITHIN ONE (1) YEAR FROM THE DATE OF THE FILING OF THIS ACTION.*

63. The FDCPA Class shall be subject to the following exclusions, who are not members of the FDCPA Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

64. The FDCPA Class meets all factors in Rule 23(a-b) for class certification.

### *Rule 23(a) Requirements*

### *Numerosity*

65. Upon information and belief, Defendant IRS attempted to collect alleged debts from numerous consumers who had outstanding alleged debt obligations with Defendant Huntington.

66. Based on the plausible claim that the messages left on Plaintiff's phones were scripted messages systematically left for debtors it is plausible that

Defendants attempted to collect from such a large number of consumers such that joinder of all in this lawsuit would be impracticable.

67. Therefore, upon information and belief, the estimated number of Class members is in excess of 50.

### Commonality

68. All members of the FDCPA Class had their rights violated in the same manner by the same actions of Defendants.

69. Common evidence, in particular (1) a list of all consumers called by Defendant IRS; (2) records in the possession of Defendants documenting those consumers who had filed for bankruptcy; and (3) recordings of calls made by Defendant IRS, will drive resolution of the claims of the FDCPA Class.

70. Statutory relief under the FDCPA is directed based upon the common conduct of Defendants, not the subjective, individual experiences of members of the FDCPA Class.

### Typicality

71. Plaintiff has the same claims to statutory relief as all other members of the FDCPA Class and such claims are all based on the same facts and legal theories.

72. The only individual issue is the identification of the consumers who received collection letters from Defendants after having already sent notice of their bankruptcy to Defendants, which is a matter capable of ministerial

12

determination from Defendants' records.

73. Any defenses that Defendants may have to liability or quantum of damages with respect to Plaintiff's claims would be generally applicable to all members of the FDCPA Class.

*Adequacy*

74. Plaintiff brings this lawsuit after an extensive investigation of Defendants' alleged misconduct.

75. Plaintiff brings this lawsuit with the intention to stop Defendants' unlawful practices and recover statutory penalties for all consumers affected.

76. Plaintiff will continue to vigorously pursue relief for the FDCPA Class.

77. Plaintiff will fairly and adequately represent the Class members' interests.

78. Plaintiff's interests are consistent with the interests of the Class.

79. Plaintiff's counsel, the Consumer Justice Center, P.A., has been certified as class counsel in dozens of class actions enforcing consumer rights laws in this District and others.

80. Plaintiff's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the FDCPA Class.

*Rule 23(b)(3)*

*Predominance/Superiority*

*Predominance*

81. Statutory relief under the FDCPA follows from evidence that Defendants

sent similar collection letters to all members of the Class, not the subjective experience of any one complainant.

82.    Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the FDCPA Class.

*Superiority*

83.    Plaintiff and Plaintiff's counsel are not aware of any other pending actions against Defendants related to their unlawful collection conduct.

84.    Members of the FDCPA Class have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting this lawsuit.

85.    Upon information and belief, few members of the FDCPA Class are aware that Defendants' actions were unlawful.

86.    The class notice mechanism provides an opportunity for uninformed members of the FDCPA Class to learn about their rights and obtain relief where they otherwise would not have.

87.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not a party to the adjudication, or substantially impair or impede their ability to protect their

interests. The Defendants have acted in a manner applicable to the Class as a whole that warrants relief.

## RESPONDEAT SUPERIOR LIABILITY

88.  The acts and omissions of Defendants, and/or the other debt collectors employed as agents by Defendants who communicated with Plaintiff – further described herein – were committed within the time and space limits of their agency relationship with their principal, Defendants.

89.  The acts and omissions by Defendants and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

90.  By committing these acts and omissions against Plaintiff, Defendants and these other debt collectors were motivated to benefit their principal, Defendants.

91.  Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## STANDING

92.  The above-detailed conduct by Defendants violated numerous provisions of the FDCPA, including but not limited to the provisions of the FDCPA

identified above.

93. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

94. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff, which is more fully stated herein.

95. Because of the Defendants' violations, Plaintiff was confused about her rights as a consumer.

96. Plaintiff has suffered actual damages as a result of Defendants' illegal collection communications in the form of sleeplessness; embarrassment when talking to or seeing friends or family; fear of answering the phone and door; nervousness; feelings of guilt, worthlessness, helplessness; restlessness, irritability; and Defendants' collection campaign has had a negative impact on Plaintiff's job.

97. Defendants' violations of FDCPA provisions denied Plaintiff access to truthful information, which is a concrete form of informational injury under Article III, and the denial of that information is on its own sufficiently concrete.

98. Defendants' violations of FDCPA provisions illustrate the risk of tangible harm from debt-collector misrepresentations, which is an increased risk of harm that itself supports standing here.

99. Defendants' actions constitute an injury that is personal to Plaintiff, and is not a nonjusticiable generalized grievance.

100. Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

101. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

102. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

103. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

104. Defendants' repeatedly calling without disclosing their identity, falsely claiming that a judgment was pending, claiming that the debt would not be included in bankruptcy, and threatening to serve Plaintiff at her place of

employment despite Plaintiff having already filed for bankruptcy had the natural consequence of harassing Plaintiff, in violation of 15 U.S.C. § 1692d.

105. In all three of the May 22, 2017 phone calls, Defendants' claims of being advocate services for "Pierce District County Court" did not meaningfully disclose their identity, violating 15 U.S.C. § 1692d(6).

106. Defendants' collection campaign against Plaintiff included numerous false, deceptive and misleading representations, including, but not limited to: misrepresenting the legal status of the debt by claiming it would not be included in Plaintiff's Bankruptcy, deceptively claiming to be "Advocate Services with Pierce District County Court", failing to disclose that it was a debt collector attempting to collect a debt, deceptively claiming that there was a judgment pending against Plaintiff, and deceptively claiming that Plaintiff would be served a Summons at her place of employment which her supervisor would have to sign, in violation of 15 U.S.C. § 1692e.

107. By falsely claiming that it was "Advocate Services, an advocate for Pierce County District Court" Defendants claimed to be affiliated with the state of Wisconsin, in violation of 15 U.S.C. § 1692e(1).

108. Defendants falsely, deceptively claimed that there was a judgement pending on the debt, in violation of 15 U.S.C. § 1692e(2).

109. Defendants falsely, deceptively claimed that the debt would not be included in the bankruptcy, in violation of 15 U.S.C. § 1692e(2).

110. Defendants threatened pending judgement against Plaintiff, an action that

was not intended to be taken and could not legally be taken due to Bankruptcy proceedings, constituting a violation of 15 U.S.C. § 1692e(5).

111. Defendants threatened to serve Plaintiff at her place of employment, an action that was not intended to be taken and could not legally be taken due to Bankruptcy proceedings, constituting a violation of 15 U.S.C. § 1692e(5).

112. Defendants' collection campaign against Plaintiff included numerous false and deceptive representations, including, but not limited to: misrepresenting the legal status of the debt by claiming it would not be included in Plaintiff's Bankruptcy, deceptively claiming to be "Advocate Services with Pierce District County Court", failing to disclose that it was a debt collector attempting to collect a debt, deceptively claiming that there was a judgment pending against Plaintiff, and deceptively claiming that Plaintiff would be served a Summons at her place of employment which her supervisor would have to sign, all of which violates 15 U.S.C. § 1692e(10).

113. Defendants failed to disclose that the three phone calls on May 22, 2017 were from a debt collector in violation of 15 U.S.C. § 1692e(11).

114. Defendants failed to disclose that the three phone calls on May 22, 2017 were an attempt to collect a debt and information obtained would be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

115. Defendants identified themselves as "Pierce District County Court" instead of the actual name of Integrated Recovery Service, in violation of 15 U.S.C. § 1692e(14).

116.  Defendants used numerous unfair and unconscionable means in their attempt to collect the debt, including but not limited to: deceptively concealing their own identity, falsely claiming affiliation with the state of Wisconsin, falsely claiming that a judgment was pending when no judgment was in fact pending, and claiming that the debt would not be included in the Bankruptcy. These actions constitute unfair and unconscionable means to collect on a debt, in violation of 15 U.S.C. § 1692f.

117.  Defendants failed to send Plaintiff a 30-day validation notice within five days of initial communication, constituting a violation of 15 U.S.C. § 1692g.

118.  Defendants wrongfully claimed they were affiliated with "Pierce District County Court", in violation of 15 U.S.C. § 1692e(1).

119.  Defendants wrongfully claimed there was a judgement pending on the debt, and that the debt wouldn't be included in the bankruptcy, in violation of 15 U.S.C. § 1692e(2).

120.  Defendants threatened a judgement against Plaintiff and threatened to serve her at her place of employment, actions that were not intended to be taken and are illegal, constituting a violation of 15 U.S.C. § 1692e(5).

121.  Defendants threatened to serve Plaintiff at her place of employment, requiring the signature of her supervisor, an action that could not be legally taken and that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

122.  Defendants attempted to collect the debt in a false and deceptive manner by

concealing their identity and misrepresenting the legal status of the debt, in violation of 15 U.S.C. § 1692e(10).

123.  Defendants failed to disclose that communications were an attempt from a debt collector in order to collect a debt, in violation of 15 U.S.C. § 1692e(11).

124.  Defendants identified themselves as "Pierce District County Court" instead of the actual name of Integrated Recovery Service, in violation of 15 U.S.C. § 1692e(14).

125.  Defendants misrepresentations of themselves and the character of the debt, and lies about actions they can and intended to take constitutes an unfair and unconscionable means to collect on a debt, in violation of 15 U.S.C. § 1692f.

126.  Defendants failed to send Plaintiff a 30-day validation notice within five days of initial communication, constituting a violation of 15 U.S.C. § 1692g.

127.  As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## COUNT II

## AUTOMATIC STAY VIOLATION
## 11 U.S.C. § 362

128.  Plaintiff incorporates by reference all preceding paragraphs as though fully

stated herein.

129.   Section 362(a)(6) of the Bankruptcy Code provides that Plaintiff's bankruptcy filing operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

130.   Defendants' actions in attempting to deceive Plaintiff and collect on the amount were willful and in full knowledge and awareness of Plaintiff's bankruptcy filing and that the automatic stay was in effect.

131.   Defendants' violations of the automatic stay entitle Plaintiff to actual damages, attorneys' fees and costs, as well as punitive and/or exemplary damages under Sections 362(k) and any other applicable sections of the Bankruptcy Code.

132.   The knowing, conscious, deliberate, and willful violations of the automatic stay by Defendants are in contempt of the bankruptcy court and are further punishable under Sections 105(a) of the Bankruptcy Code.

## PRAYER FOR RELIEF

   **WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

133.   A judgement be entered against Defendants, and in favor of Plaintiff and its bankruptcy estate (or any trustee appointed therein) for actual damages, including attorneys' fees and costs, as well as punitive and/or exemplary damages for Defendants' violation of the automatic stay;

134.   Finding Defendants in contempt of court for having knowingly, willfully, and deliberately violated the automatic stay;

135.   An award of actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

22

136.  An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

137.  An award of costs and reasonable attorneys' fees in favor of Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

138.  An order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; and

139.  Such other and further relief as may be just and proper.

Dated:  October 24, 2017                 Respectfully submitted,

**GONKO & VAVRECK, PLLC**

*s/ Mark L. Vavreck*                .
Mark L. Vavreck
MN Bar No. 318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN  55401
Telephone: 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
Facsimile:  612-659-9220
mvavreck@cgmvlaw.com

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:  (651) 704-0907
Email: tommycjc@aol.com

***ATTORNEYS FOR PLAINTIFF***

23

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESTOA        )
                                       ) ss

COUNTY OF _Goodhue._         )

        I, Rebecca Reding, having first been duly sworn and upon oath, depose and say as

follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant(s), cause unnecessary delay to Defendant(s), or create a needless increase in the cost of litigation to Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                   Rebecca Reding

Subscribed and sworn to before me
this _20th_ day of October 2017.

Notary Public

DEBORAH JEAN McCOY
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2022